J-S04024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEROME FINCH | |
| Appellant | No. 2511 EDA 2018 |

Appeal from the PCRA Order Entered July 20, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0002092-2008

BEFORE:  BENDER, P.J.E., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 06, 2020**

Appellant Jerome Finch appeals from the July 20, 2018 order entered in the Court of Common Pleas of Philadelphia County ("PCRA Court"), which denied his request for collateral relief under the Post Conviction Relief Act (the "PCRA"), 42 Pa.C.S.A. §§ 9541-46.  PCRA counsel has filed a no-merit letter and petition to withdraw under **Turner**/**Finley**.[1]  Upon review, we affirm and grant the petition to withdraw.

The facts and procedural history of this case are undisputed.  As summarized by a prior panel of this Court in connection with Appellant's direct appeal:

> On the evening of November 16, 2007, [Appellant] murdered his girlfriend, Deidra Burkett, by stabbing her multiple times in vital

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

areas of her body and then attempting to choke her while she was bleeding. [Appellant] also inflicted a knife-wound on her eldest son, Desmond King. On October 20, 2008, [Appellant] pled guilty pursuant to a negotiated plea agreement to [first-degree murder (18 Pa.C.S.A. § 2502), aggravated assault (18 Pa.C.S.A. § 2702), and possession of an instrument of crime ("PIC") (18 Pa.C.S.A. § 907)].[2] In exchange for his plea, the Commonwealth agreed **not to pursue the death penalty**. Following a thorough plea colloquy, the [trial] court accepted the plea agreement. The court sentenced [Appellant] immediately thereafter to a term of life imprisonment on the charge of first-degree murder and a concurrent term of five to ten years' imprisonment on the aggravated assault charge.

[Appellant] did not file post-sentence motions or a direct appeal. Instead, he filed a *pro se* PCRA petition seeking reinstatement of his direct appeal rights *nunc pro tunc*. The court reinstated [Appellant's] direct appeal rights on April 10, 2010, and he subsequently filed a direct appeal. However, this Court dismissed the appeal because counsel neglected to file a brief. [Appellant] filed another *pro se* PCRA petition again requesting the reinstatement of his appeal rights *nunc pro tunc*, which the court granted on January 9, 2014.

***Commonwealth v. Finch***, No. 395 EDA 2014, unpublished memorandum, at 1-2 (Pa. Super. filed December 29, 2014) (emphasis added). On appeal, Appellant argued only that his guilty plea was unknowing and involuntary because the oral colloquy conducted by the trial court was inadequate. In affirming the judgment of sentence, we determined that Appellant failed to preserve his issue for review because he did not object to the colloquy in the lower court. Moreover, we concluded that, even if he had preserved the issue, it lacked merit.[3] We reasoned:

---

[2] Appellant was charged with first-degree murder and PIC at docket number 2091-2008 ("2091") and aggravated assault at docket number 2092-2008 ("2092"). The instant appeal lies only from 2092.

[3] Appellant's direct appeal related only to docket 2091, which, as mentioned, is not implicated in this appeal.

Our review of the plea-hearing transcript indicates that the oral colloquy conducted by the trial court was adequate. During the oral colloquy, the Honorable Benjamin Lerner questioned [Appellant] regarding his comprehension of the alleged charges, the factual basis for the plea, his right to a jury trial, the presumption of innocence, the permissible range of sentences, and that Judge Lerner was not bound by the terms of the plea agreement until he accepted the plea. [Appellant] replied in the affirmative to each inquiry. Moreover, [Appellant] completed a written plea colloquy prior to the hearing in which he also indicated he understood the connotations of his plea and its consequences. Based on the totality of the circumstances, it is apparent [Appellant] fully understood the guilty plea process, his trial rights, and the rights he would relinquish by pleading guilty. Accordingly, [Appellant] entered his guilty plea knowingly, voluntarily, and intelligently.

*Id.* at 4-5 (citations omitted). On March 31, 2015, our Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Finch*, 113 A.3d 278 (Pa. 2015).

On November 3, 2015, Appellant *pro se* filed his third, the instant, PCRA petition, alleging claims for ineffective assistance of counsel.[4] The PCRA court appointed counsel, who filed an amended petition. Specifically, appointed counsel argued that Appellant was entitled to PCRA relief because "of ineffective assistance of counsel where counsel badgered and pressured him until he entered a guilty plea to **murder in the first degree** which carried a mandatory life sentence and where [Appellant's] case was not being prosecuted as a death penalty case." Amended Petition, 8/25/17, at ¶ 12 (emphasis added).

On May 10, 2018, the Commonwealth filed a motion to dismiss, arguing that Appellant's ineffectiveness claim was belied by the record. On June 15,

---

[4] The PCRA petition listed both docket numbers, 2091 and 2092.

2018, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. On July 20, 2018, the trial court denied him PCRA relief. Appellant timely appealed, but, as stated, his appeal was limited to docket 2092, which relates only to aggravated assault. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.[5]

On July 16, 2019, Appellant's PCRA counsel filed in this Court an application to withdraw as counsel and a no-merit letter, wherein counsel presented the following issue for our review.

> Appellant's plea of guilty was unlawfully induced where the circumstances make it likely that that the inducement caused Appellant to plead guilty and he is innocent and plea counsel was ineffective for inducing him to plead guilty to avoid the death penalty even though the cases was not being prosecuted as a death penalty case.

***Turner/Finley*** Brief at 5. Differently stated, Appellant claims that his trial counsel was ineffective because he induced him into accepting the negotiated guilty plea by misrepresenting to him that the Commonwealth was pursing the death penalty against him.[6]

---

[5] In his Rule 1925(b) statement, Appellant argued:

> [I.] that his plea of guilty was unlawfully induced where the circumstances make it likely that the inducement caused [him] to plead guilty and [he] is innocent.

> [II.] ineffective assistance of counsel where counsel badgered and pressured [him] until he entered a **guilty plea to murder in the first degree** which carried a mandatory life sentence and where [Appellant's] case was not being prosecuted as a death penalty case.

Rule 1925(b) Statement, 9/9/18 at ¶ 1(a), (b) (emphasis added).

[6] As the PCRA court aptly observes, Appellant does not identify the inducement in question.

- 4 -

Before we may consider this issue, we must address whether PCRA counsel has met the requirements of **Turner/Finley**. For PCRA counsel to withdraw **under Turner/Finley** in this Court:

> (1)   PCRA counsel must file a no-merit letter that details the nature and extent of counsel's review of the record; lists the appellate issues; and explains why those issues are meritless.
>
> (2)   PCRA counsel must file an application to withdraw; serve the PCRA petitioner with the application and the no-merit letter; and advise the petitioner that if the Court grants the motion to withdraw, the petitioner can proceed pro se or hire his own lawyer.
>
> (3)   This Court must independently review the record and agree that the appeal is meritless.

**See Commonwealth v. Widgins**, 29 A.3d 816, 817-18 (Pa. Super. 2011) (citing or quoting **Turner**, **Finley**, **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009), and **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2008), **overruled in part by**, **Pitts**).

We find that PCRA counsel has complied with **Turner/Finley**. PCRA counsel has filed an application to withdraw and filed a **Turner/Finley** no-merit letter. Finally, PCRA counsel informed Appellant of his right to hire a new lawyer or file a pro se response.

We now address whether this appeal is indeed meritless. "On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." **Widgins**, 29 A.3d at 819. As this Court has explained:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This

> Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Before we address the merits of this appeal, we must point out that this appeal appears to implicate only the propriety of Appellant's guilty plea with respect to aggravated assault at docket 2092. Appellant, however, did not challenge his guilty to plea to aggravated assault in the PCRA court. As a result, Appellant may not do so for the first time on appeal. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Even if this issue was preserved, Appellant still would not be entitled to relief on his claim that his guilty plea was not knowing, voluntary and intelligent because of his trial counsel's ineffectiveness. A PCRA petitioner is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). "It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the

evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). "A petitioner must prove all three factors of the "*Pierce*[7] test," or the claim fails." *Id.* Put differently, "[t]he burden of proving ineffectiveness rests with Appellant." *Commonwealth v. Chmiel*, 889 A.2d 501, 540 (Pa. 2005).

"In the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." *Commonwealth v. Orlando*, 156 A.3d 1274, 1281 (Pa. Super. 2017) (citations omitted); *see Commonwealth v. Johnson*, 875 A.2d 328, 331 (Pa. Super. 2005) (explaining that when asserting a claim of ineffectiveness of counsel in the context of a guilty plea, a defendant must show that plea counsel's ineffectiveness induced him to enter the plea), *appeal denied*, 892 A.2d 822 (Pa. 2015).

Instantly, Appellant is not entitled to relief because his claim lacks merit. As the trial court explained:

> First, the record from [Appellant's] guilty plea is clear that [Appellant] was indeed facing the death penalty at the time he entered into the plea, and that the Commonwealth agreed to withdraw its request for the death penalty in exchange for [Appellant's] plea. Moreover, [Appellant] twice acknowledged that he was aware of such an agreement. In addition, the record of the guilty plea colloquy refutes [Appellant's] claim that counsel coerced him into entering his plea, but rather, establishes that [Appellant's] plea was both knowing and voluntary. First, [Appellant] acknowledged that he understood his right to a jury

---

[7] *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

trial, the Commonwealth's burden of proof at trial, and his rights of participation at trial. In addition, [Appellant] specifically denied that anyone promised him anything, or threatened or forced him to plead guilty. Moreover, [Appellant] stated that he discussed his case with trial counsel and that he was satisfied with trial counsel's representation. While [Appellant] did interrupt the colloquy in attempt to say something to the Court, trial counsel immediately conferred with [Appellant], and thereafter, [Appellant] affirmed to the Court that his decision to plead guilty was both free and voluntary.

PCRA Court Opinion, 11/21/18, at 6-7 (record citations omitted). Additionally, as detailed above, we noted on Appellant's direct appeal that the guilty plea colloquy was adequate and that the Commonwealth agreed to forgo the death penalty in exchange for Appellant's pleading guilty to first-degree murder, aggravated assault and PIC. Thus, based on the foregoing, Appellant's claim that his guilty plea was involuntary, unintelligent, or unknowing lacks merit, as it was belied by the plea colloquy. *See Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (noting that a defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pleaded guilty). Accordingly, Appellant obtains no relief and we affirm the PCRA court's order.

Upon conducting our independent review of the record, we conclude that this appeal is in fact meritless.

Order affirmed. Petition to withdraw granted.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 4/6/2020*